Sang Taek Han
1560 League Line Road, Apt 3301
Conroe, TX 77304-3477
sanghan034@gmail.com
(718)928-8080
Pro se Defendant

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

M&T BANK,

        Plaintiff,

        v.

KYUNG WHA HAN and SANG TAEK HAN, h/w, each
of their heirs, devisees, and personal representatives,
and his, her, their or any of their successors in right,
title and interest, PNC BANK N.A., CITIBANK, N.A.,
and STATE OF NEW JERSEY,

        Defendants.

Civil Action No. 2:23-cv-00647-KM-JSA

Motion Returnable: March 6, 2023

**NOTICE OF DEFENDANT'S MOTION
TO COMPEL DISCOVERY**

    **PLEASE TAKE NOTICE THAT** on March 6, 2023, at 9:00 a.m., or as soon thereafter as Plaintiff may be heard, Defendant shall move before the Honorable Judge Kevin McNulty, U.S.D.J., at the Federal District Court for the District of New Jersey located at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07102, on a Motion to Compel Discovery.

    **PLEASE TAKE FURTHER NOTICE** that in support of this Motion, Defendant shall rely on his Memorandum of Law and Certification of Sang Taek Han, with exhibits, submitted herewith.

    **PLEASE TAKE FURTHER NOTICE** that a proposed form of Order granting Defendant's Motion to Compel Discovery is enclosed herewith.

Dated: 2/10/2023

By: _____
        Sang Taek Han

Sang Taek Han
1560 League Line Road, Apt 3301
Conroe, TX 77304-3477
sanghan034@gmail.com
(718)928-8080
Pro se Defendant

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

---

M&T BANK,

        Plaintiff,

        v.

KYUNG WHA HAN and SANG TAEK HAN, h/w, each
of their heirs, devisees, and personal representatives,
and his, her, their or any of their successors in right,
title and interest, PNC BANK N.A., CITIBANK, N.A.,
and STATE OF NEW JERSEY,

        Defendants.

Civil Action No. 2:23-cv-00647-KM-JSA

Motion Returnable: March 6, 2023

**CERTIFICATION OF
SANG TAEK HAN**

---

I, Sang Taek Han, of full age, duly certify as follows:

1. I am the defendant Sang Taek Han ("Defendant") in the above-captioned residential mortgage foreclosure action. As Defendant in this matter, I am fully familiar with the pleadings and documents filed in the action and the facts set forth in this certification.

2. I make this certification in support of Defendant's Motion to Compel Discovery.

3. On December 6, 2004, Defendant and his wife, Kyung Wha Han ("Kyung"), purchased a real property as their primary residence located at 34 Whitewood Drive, Parsippany, NJ 07054 (the "Property"). Defendant and Kyung executed and delivered a promissory note (the "Note") in the amount of $352,000.00 to Hudson City Savings Bank ("Hudson City") on the same day.

4. To secure the Note's repayment, also on December 6, 2004, Defendant and Kyung executed and delivered a mortgage to Hudson City against the Property.

1

5.  On January 21, 2020, a Loan Modification Agreement was made between M&T Bank, successor by merger to Hudson City Savings Bank ("Plaintiff") and Defendant and Kyung.

6.  On August 22, 2022, Plaintiff served a foreclosure complaint on Defendant and Kyung.

7.  Thereafter, Defendant filed a Motion to Dismiss the Complaint on September 26, 2022 which was denied by the state court on October 21, 2022.

8.  On February 6, 2023, Defendant filed a Notice of Removal of this action from the state court to this Court.

9.  Defendant claims that Plaintiff did not have standing to commence the foreclosure action and has failed to serve the  Notice of Intention to Foreclose on Defendant and Kyung to date.

I hereby certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

February 10, 2023

By: _____

Sang Taek Han

2

Sang Taek Han
1560 League Line Road, Apt 3301
Conroe, TX 77304-3477
sanghan034@gmail.com
(718)928-8080
Pro se Defendant

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

M&T BANK,

        Plaintiff,

        v.

KYUNG WHA HAN and SANG TAEK HAN, h/w, each
of their heirs, devisees, and personal representatives,
and his, her, their or any of their successors in right,
title and interest, PNC BANK N.A., CITIBANK, N.A.,
and STATE OF NEW JERSEY,

        Defendants.

Civil Action No. 2:23-cv-00647-KM-JSA

Motion Returnable: March 6, 2023

**ORDER**

    **THIS MATTER** having been opened to the Court by Defendant on a Motion to Compel

Discovery and the Court having reviewed the moving and responding papers and the arguments

of the parties; and for good cause shown;

    **IT IS THIS** _____ **DAY OF** _____ **2023, ORDERED**

1. Defendant's Motion to Compel Discovery is hereby **GRANTED** in its entirety;;

2. Plaintiff shall provide full and complete responses to Defendant's interrogatories and
   requests for production of documents within ten (10) days of the date of this Order;

3. Defendant shall, within ten (10) days of the date of this Order, file with the Court an
   appropriate application for an award of costs and fees incurred in bring this motion; and

4. Defendant shall serve a copy of this Order upon all parties within seven  (7) days of its
   receipt hereof.

1

_____
HON. JUDGE KEVIN MCNULTY, U.S.D.J.

## CERTIFICATION OF SERVICE

IT IS HEREBY CERTIFIED that on February 10, 2023, Defendant electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

KML Law Group, P.C.
216 Haddon Avenue, Suite 406
Westmont, NJ 08108
Attorney for Plaintiff

By: _____

Sang Taek Han

Sang Taek Han
1560 League Line Road, Apt 3301
Conroe, TX 77304-3477
sanghan034@gmail.com
(718)928-8080
Pro se Defendant

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

M&T BANK,

      Plaintiff,

        v.

KYUNG WHA HAN and SANG TAEK HAN, h/w, each
of their heirs, devisees, and personal representatives,
and his, her, their or any of their successors in right,
title and interest, PNC BANK N.A., CITIBANK, N.A.,
and STATE OF NEW JERSEY,

      Defendants.

Civil Action No. 2:23-cv-00647-KM-JSA

Motion Returnable: March 6, 2023

## DEFENDANT'S MOTION TO COMPEL DISCOVERY

COMES NOW the defendant Sang Taek Han("Defendant") moves this Court pursuant to Fed. R. Civ. P. 33 and 34 for an order compelling discovery responses from the plaintiff M&T Bank ("Plaintiff") and for an award of costs and fees incurred in bringing this motion, and in support thereof states as follows:

1. On June 15, 2022, Plaintiff filed a foreclosure complaint against Defendant in the Superior Court of New Jersey, Morris vicinage, Chancery Division, under docket number SWC-F-006069-22.

2. On December 13, 2022, Defendant served on Plaintiff, through its counsel, Interrogatories and Requests for Production of Documents. The discovery was served by U.S. Regular Mail and Certified Mail. A true and correct copy of the Certified Mail Receipt is attached

1

hereto as **Exhibit A**.

3.   Hearing nothing in response to the discovery, on or about January 16, 2023, Defendant called the office of the counsel and left a message requesting that the counsel contact Defendant regarding the matter.

4.   Receiving no response to the January 16 message, on or about January 20, 2023, Defendant called the counsel and left a message stating that a motion to compel would follow if Defendant did not hear from the counsel by January 27.

5.   To date, Defendant has had no response from the counsel.

6.   The discovery is targeted at discovering whether Plaintiff held the original mortgage note, and thus whether it was entitled to pursue foreclosure of the Mortgage. The Court should consider discovery of this issue is critical in addressing whether in fact the mortgage statements sent by Plaintiff to Defendant were false because no debt was owed to Plaintiff.

7.   Plaintiff does not possess the Note and has failed to demonstrate its physical possession of the Note during the foreclosure action.

8.   Defendant has demonstrated there are outstanding disputes of material fact that require discovery. Cauchi v. Dead Serious Promotions LLC, Civ. A. No. 158255, 2016 WL 3691975, at*4 (D.N.J. July 11, 2016). Discovery is **probative** of Defendant's FDCPA claim. See Speth v. Goode, Civ. A. No. 95-0264, 2012 WL 3277105, at *9 (D.N.J. Aug. 9, 2012).

9.   The Court should permit discovery on the issue of whether the mortgage loan at issue was properly assigned to Plaintiff and therefore whether Plaintiff was owed the purported debt that it sought to collect from Defendant, and any other discovery the Court deems appropriate at this juncture. See Shelton v. Bledsoe, 775 F.3d 554, 568 (3d Cir. 2015); Black v. AFNI, Inc., Civ. A. No. 151176, 2016 WL 4249491, at *3 (D.N.J. Aug. 10, 2016)

10.   Rule 37 of the Federal Rules of Civil Procedure provides that a party propounding discovery may seek an order compelling responses to discovery when an opposing party has failed to respond or has provided incomplete responses. Fed. R. Civ. P. 37(a)(3)(B).

2

11.  The Court should consider the fact that the conducts of Plaintiff herein has been willful in bad faith. Plaintiff has failed to properly and timely respond to Defendant's interrogatories, has failed to provide Defendant with documents requested, and have failed to cooperate with the discovery deadline. See Ware, 322 F.3d at 224; Roman v. City of Reading, 121 Fed. Appx. 955, 960 (3d Cir. 2005).

12.  Rule 37(a)(4) of the Federal Rules of Civil Procedure states that evasive or incomplete disclosures, answers or responses must be treated as a failure to disclose, answer or respond. Fed. R. Civ. P. 37(a)(4); see also Fed. R. Civ. P. 33

13.  Plaintiff's refusal to respond to Defendant's discovery request has been willful and in bad faith. Plaintiff willfully refused to respond to Defendant's discovery request in a desperate attempt to prevent this action from going forward and not to answer substantial genuine issues of material fact raised by Defendant

14.  Defendant has clearly been prejudiced by Plaintiff's failure to provide discovery herein. Prejudice does not mean "irremediable harm," but instead, the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy. Ware v. Rodale Press, Inc., 322 F.3d 322 (3d Cir. 2003).

15.  Accordingly, Defendant would be unable to prosecute Plaintiff due to lack of viable information and documents as to the material facts in dispute. There is virtually no chance Defendant will competently prosecute Plaintiff without discovery. Thus, failure to grant the Motion would unduly prejudice Defendant

WHEREFORE, Defendant respectfully requests that this Honorable Court order Plaintiff to provide the requested answers to the Interrogatories and Request for Production of Documents within ten (10) days or be subject to sanction including costs and expenses, and such other relief the Court may deem appropriate.

February 10, 2023

3

Respectfully submitted,

By:

Sang Taek Han

# Exhibit A



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

OFFICIAL USE

Certified Mail Fee  $4.00

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ $0.00
☐ Return Receipt (electronic)         $ $0.00
☐ Certified Mail Restricted Delivery  $ $0.00
☐ Adult Signature Required            $ $0.00
☐ Adult Signature Restricted Delivery $

Postage  $1.68

Total Postage and Fees  $5.68

0632
24

Postmark
Here

12/13/2022

Sent To  KML Law Group P.C
Street and Apt. No., or PO Box No.  316 Haddon Ave.  STE 406
City, State, ZIP+4®  Westmont  NJ 08108

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 5670 2833

Kyung Wha Han
1560 League Line Road, Apt 3301
Conroe, TX 77304-3477
sanghan034@gmail.com
(718)928-8080
Pro se Defendant

---

M&T BANK,

            Plaintiff,

        v.

KYUNG WHA HAN and SANG TAEK HAN, h/w, each
of their heirs, devisees, and personal representatives,
and his, her, their or any of their successors in right,
title and interest, PNC BANK N.A., CITIBANK, N.A.,
and STATE OF NEW JERSEY,

            Defendants.

SUPERIOR COURT OF NEW JERSEY
MORRIS COUNTY
CHANCERY DIVISION

DOCKET NO.: F-006069-22

CIVIL ACTION

**DEFENDANT'S FIRST SET OF
INTERROGATORIES PROPOUNDED
UPON PLAINTIFF**

---

To: KML Law Group, P.C.
    216 Haddon Avenue, Suite 406
    Westmont, NJ 08108

    **PLEASE TAKE NOTICE** that Defendant demands answers to the following Interrogatories from Plaintiff, under oath in the manner and within the time prescribed by law. If you do not have exact information, give approximate information and state that same is approximate.

December 11, 2022

By: _____
      Kyung Wha Han

1

## INTRODUCTION

A.   In answering these interrogatories, furnish all information in your possession or available to you.  You should supplement your responses immediately as you or your attorneys or other representatives obtain additional information in accordance with Rule 4:17-7 of the Rules of Court.  Each interrogatory shall be construed to include information within respondent's knowledge, possession, custody or control or the knowledge, possession, custody or control of respondent's agents as of the date of its answers to these Interrogatories as well as any information, knowledge data, document or communication that subsequently is obtained or discovered and that demonstrates that any answer originally provided in response to these Interrogatories was incorrect or incomplete in any way when made or subsequently become incorrect or incomplete; such supplemental information to be promptly supplied.

B.   Each interrogatory and interrogatory subpart should be accorded a separate answer.  The source of each answer should be separately set forth and identified, unless the persons signing the answers hereto under oath have personal knowledge of the facts or information forming the basis of all answers given.

C.   If the response to any Interrogatories consists in whole or in part of an objection relating to or including burdensomeness, then with respect to such response:

   1.   Provide such information as can be ascertained without undue burden;

   2.   State with particularity the basis for such objection, including:

      a.   A description of the process or method required to obtain any fact responsive to the interrogatory;
      b.   The number of files and/or documents need to be researched;
      c.   The location of such files;
      d.   The number of employee hours required to conduct the search; and
      e.   The estimated cost of the search.

   3.   Describe the nature and extent of the documents or other source(s), if any, from which any fact responsive to the Interrogatory can be obtained; and

   4.   State whether the documents or other sources will be made available for inspection and copying.

D.   If the response to any Interrogatory consists in whole or in part of an objection relating to or founded upon any type of privilege or immunity:

   1.   Identify the privilege or immunity claimed and detail the facts underlying your invocation of such privilege or immunity;
   2.   Describe the nature of the document (e.g., letter, memorandum, telephone call, in person conversation);

2

3. State the date of the document or communication;
4. Identify the person who created or originated the document or communication;
5. Identify the person who sent the document or made the communication;
6. Identify the person who received the document or communication;
7. Identify the person who reviewed the document or communication;
8. Identify each person to whom some or all of the contents of the document or communication were communicated; and
9. State the subject matter of the document or communication.

E. If the response to the Interrogatory consists in whole or in part of any other objection:

1. Provide such information as can be ascertained; and
2. State with particularity the basis for such objection.

F. For each separate Interrogatory identify each of those individuals with whom you consulted, upon whom you relied, or who otherwise provided information for you in connection with the preparation of your answers to these Interrogatories.

G. If any document which forms a part of or the entire basis for any response to these Interrogatories has been destroyed, for each such document state when it was destroyed, identify the person who destroyed the document and the person who directed that it be destroyed. Also, detail the reasons for the destruction, describe the nature of the document, identify the persons who created, sent and received the document, state the date of the document and state in as much detail as possible the contents of the document.

H. In answering these interrogatories furnish all information that is known to you or your agents. If any of these Interrogatories cannot be answered in full, answer them to the fullest extent possible, detailing the reasons for your inability to answer the remainder and stating fully the information, knowledge or belief you now have concerning the unanswered portions.

I. All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph of these interrogatories, documents produced shall be segregated further and identified as indicated in said paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner to preserve and identify the file from which such documents were taken.

J. If the information called for by an interrogatory is in whole or in part contained in documents, the information may be supplied by attaching copies of the relevant documents to your answers to the interrogatories to the extent that the documents contain the information requested, as long as same is noted in narrative form in the answer to interrogatory.

3

## DEFINITIONS

For the purposes of these requests, the following definitions will apply:

(a)     "Person" means a natural person, a group of natural persons acting as individuals, a group of natural persons acting in a collegial capacity, a corporation, partnership, proprietorship, joint venture, firm, association, government or social entity, and any employee or agent thereof.

(b)     "Communication" means any meeting, statement, document, conversation, transmittal of information or request for information, whether written, oral or by other name.

(c)     "Document" means the original and all non-identical copies of any written, typed, printed, photocopied, photographic or tape recorded matter of any kind, including but not limited to, letters, envelopes, forms, affidavits, correspondence, telegraphs, paper communications, signed statements, tabulations, charts, memoranda, checks, appointment books, records, proposals, memoranda or transcriptions by a mechanical device, by longhand or shorthand recording tapes recorded or by electronic or any other means, computer generated information, computer software, computer programs, intra-office communications, inter-office communications, all summaries of oral communications, telephonic or otherwise microfiche, microfilm, lists, bulletins, calendars, circulars, deskpads, opinions, ledgers, minutes, agreements, journals, diaries, napkins, contracts, invoices, balance sheets, telexes, cables and all other graphic materials, writings and instruments, however produced or reproduced, and whether a draft or final version.

(d)     "Identify" means

(i)     With respect to a natural person: His full name, his present or last known residence address, his present or last known job title and responsibilities, the address of his present or last known employer, his job title and responsibilities at the time in question, and the address of his employer at that time;

(ii)    With respect to a corporation: its full name, its state of incorporation, its place of business, and the identity of the person in such organization who is believed to have the most extensive knowledge of the matters in question;

(iii)   With respect to a partnership: all of the information requested in the immediately preceding subpart, with the exception of the state of incorporation, and the additions of the names of each partner;

4

     (iv)    With respect to a person other than a natural person corporation or partnership: its official name, its organization form, and its address, and the identity of the person in such organization who is believed to have the most extensive knowledge of the matter in question;

     (v)    With respect to a document: (1) the nature of the document, the substance of its contents, its date and place of preparation, its author and recipients, serial or file number, and the identity of its present location and custodian, or (2) in lieu thereof, production of the document;

     (vi)    With respect to a communication: the manner of the communication, the date of and parties to the communication, where it took place, its substance, and the identification of all documents that relate to the communication;

     (vii)    With respect to an event: the date on which it took place, the persons who participated, and the substance of the activity or communication involved.

(e)    "Relating" or "concerning" means pertaining, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, referencing or referring to in any way.

(f)    "Describe" or "description" means, in the case of an act, event, transaction, relationship, thing or occurrence:

     (i)    A detailed description, including identification or dates, places, persons involved, and means employed;

     (ii)    Identification of your sources of information concerning such act, event, transaction, thing or occurrence, including the date you received such information;

     (iii)    Identification of each person having knowledge of such act, event, transaction, thing or occurrence; and

     (iv)    Identification of each communication and each document relating to such act, event, transaction, thing or occurrence.

(g)    "State the basis" means to identify each fact relating to the topic at issue, each document and communication relating to such topic, each person having knowledge of such topic, and each source of information relating to the topic.

(h)    "You" and "your" means his/her agents, his representatives, and/or employees, unless otherwise designated.

5

(i)  "And" includes "or" and vice versa; the singular form includes the plural form and vice versa; the masculine includes the feminine and vice versa; the past tense of verbs includes the present tense and vice versa.

(j)  "Including" means including, without limitation.

(k)  "Defendant" means the defendant Kyung Wha Han.

### INTERROGATORIES

1.  State the name, address, telephone number, job title of every person who assisted in the preparation of the answers to these Interrogatories and the responses to Defendant's First Request to Plaintiff for the Production of Documents.

2.  Set forth the actual location of the original Promissory Note("Note") and Mortgage at all relevant times from the date it was executed through the date upon which these interrogatories are being answered. Set forth the name, current address and telephone number of the actual locations.

3.  Identify fully the name, business address, business telephone number, email address, and job description for the chief executive officer who is in charge of M&T Bank's mortgage loan lending.

4.  Identify fully the name, business address, business telephone number, email address, and job description for the person who authorized the filing of the foreclosure action in the Superior Court of New Jersey under docket number F-006069-22

5.  State with specificity the circumstances under which "M&T Bank and Mortgagee are one in the same entity, M&T Bank successor by merger to Hudson City Savings Bank" pursuant to paragraph 2 of the Complaint. Provide all documents explaining the

circumstances.

6.  Set forth the full name, current address, and telephone number of each and every holder of any interest in any mortgage backed security, mortgage-backed bond, collateralized debt obligation, or collateralized mortgage obligation where either the Mortgage or Note serve as collateral or other security.

7.  Please identify any person(s) at M&T Bank who had received physical possession of the Note, the Mortgage, or any document (including but not limited to assignment, endorsement, allonges, Pooling and Servicing Agreement, Assignment and Assumption Agreement, Trust Agreement ) that refers to or incorporates terms regarding the merger, sale, transfer, or assignment.

8.  Did M&T Bank receive any compensation, fee, commission, payment, rebate or other financial considerations from any entity (corporation, company, person, etc.) for servicing this loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to M&T Bank.

9.  Please identify all persons in M&T Bank who would show all entries regarding the flow of funds for the subject loan transaction while the subject loan was under M&T Bank's custody. Please describe and itemize each and every payment made to M&T Bank pursuant to the  Note and Mortgage.

10. Describe fully how M&T Bank analyzed Defendant's loan modifications in 2019 and the reasoning for the denial of the loan modifications.

11. State the name(s) of any securitization and loan pool in which the Note and Mortgage have ever been held since origination of the mortgage loan.

12. State whether the Note and  Mortgage is subject to the pooling and servicing agreement of M&T Bank. Identify all persons with knowledge of the restrictions applicable to loans governed by the pooling and servicing agreement of M&T Bank.

13. State which entity (corporation, company, person, etc.) was the beneficiary of each payment Defendant made on the Mortgage and Note from the the date it was executed through the date upon which these interrogatories are being answered.

14. Please identify any person or persons who communicated with Defendant ( whether in writing, by phone or any other means) regarding the loan modification  with Defendant in 2019 and describe the terms of the loan modification that was offered.

8

Kyung Wha Han
1560 League Line Road, Apt 3301
Conroe, TX 77304-3477
sanghan034@gmail.com
(718)928-8080
Pro se Defendant

---

M&T BANK,

              Plaintiff,

        v.

KYUNG WHA HAN and SANG TAEK HAN, h/w, each
of their heirs, devisees, and personal representatives,
and his, her, their or any of their successors in right,
title and interest, PNC BANK N.A., CITIBANK, N.A.,
and STATE OF NEW JERSEY,

             Defendants.

SUPERIOR COURT OF NEW JERSEY
MORRIS COUNTY
CHANCERY DIVISION

DOCKET NO.: F-006069-22

CIVIL ACTION

**DEFENDANT'S REQUEST FOR
PRODUCTION OF DOCUMENTS**

---

To: KML Law Group, P.C.
    216 Haddon Avenue, Suite 406
    Westmont, NJ 08108

    Defendant hereby demand pursuant to R- 4:18-1 that Plaintiff produce all documents

responsive to each of the enumerated categories below within 35 days to Kyung Wha Han at

1560 League Line Road, Apt 3301 Conroe, TX 77304-3477.

December 11, 2022

By: _____
      Kyung Wha Han

1

## INSTRUCTIONS AND DEFENSES

As used herein:

(A)     "You" means the party(ies) in interest.

(B)     "Address" means the present or last known street name and number, city or town, state and zip code.

(C)     "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, or any writing or record of any type or description, including but not limited to, the original and any copy of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but no limited to reports of telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other communication (including inter-office or intra-office communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of agreement, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic negative, phonorecord, tape recording, wire recording, computer dis,, tape backup, data faxes, any means of data and information storage or otherwise, transcript of recordings, drawing, catalogue, brochure, any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which plaintiff or his attorneys has or has had access.

(D)     "Person" or "persons" means a natural person, firm, proprietorship, association, corporation or any other type of organization or entity.

(E)     As used herein, "relative to," "relating to" or "relevant to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

(F)     If you claim a privilege as to any of the documents covered by these requests, identify the document by author, date and recipients of the original and all copies, and specify the privilege being claimed.

(G)     In construing these requests, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine or neuter pronoun shall not exclude the other genders.

(H)     "Identify" means but is not limited to the name, telephone number, address, last known employer, business and residential address and relationship, if any, of the person identified, the date originated, the subject of and the identity of the person presently exercising possession of any document identified.

2

## INSTRUCTIONS

If you object to the production of any document on the basis of attorney/client privilege, attorney work product or on the basis of any other privilege doctrine, statute or rule, please state the following:

    a. The nature of the document;                                1

    b. The date of the document;

    c. The author of the document;

    d. The current location of the document;

    e. The individual who has current control over the document; and

    f. Adequate information pertaining to how the document falls within the protection of Non-disclosure.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. All assignments, transfers, alonges, or other documents evidencing a transfer, **merger**, sale or assignment of the Mortgage, Promissory Note or other documents that secures payment of Defendant's obligation in the subject loan from the origination of her loan to the present date.


2. All letters, statements and documents sent to Defendant by Hudson City Savings Bank and M&T Bank, including, but not limited to, Defendant's loss mitigation evaluation letters and loan modification applications, from the origination of the loan to the present date.


3. Please identify and provide copies of all documents recording or showing any verbal contact by phone or email with Defendant as required by HUD Regulations, from the origination of the loan until to date.

3

4. A copy of securitization fund agreements showing the Note is still in existence.

5. Two (2) certified return receipts and paid receipts of the Notice of Intent to Accelerate and Foreclose dated March 16, 2022, which M&T Bank allegedly served on Kyung Wha Han and Sang Taek Han.

6. All documents concerning M&T Bank's securitization, including the pooling and servicing agreement, any documents identifying the loans held in M&T Bank, any documents concerning the transfer of loans, notes, and/or mortgages in or out of M&T Bank, and all documents concerning any person authorized to act on the behalf of M&T Bank and the scope of any such person's authority.

7. All documents detailing the complete chain of title of the subject note and subject mortgage from the originator through all subsequent owners and holders to the current owner and holder, including a certified true copy of the original Note including any and all endorsements of the Note and the back side of any allonge or endorsement page, a true copy of the Mortgage, assignments of the Mortgage, assignments of the Note, assignments in blank, any and all digital records of the complete chain of title. **Concerning the "wet ink signature" original Note, because this document is an original, please contact Defendant to set up a time for the original Note to be inspected and copied.**

4