# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **M&T BANK,**<br><br> **Plaintiff,**<br><br> **v.**<br><br>**KYUNG WHA HAN and SANG TAEK HAN, h/w, each of their heirs, devisees, and personal representatives, and his, her, their or any of their successors in right, title and interest; PNC BANK N.A.; Citibank N.A.; State of New Jersey,**<br><br> **Defendants.** | Civ. No. 23-00647 (KM) (JSA)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

 This matter comes before the Court on the motion of the plaintiff, M&T Bank ("M&T), to remand this removed mortgage foreclosure case to state court. For the reasons stated below, the motion to remand is **GRANTED**.

## I.   PROCEDURAL HISTORY

 M&T filed this mortgage foreclosure action against Kyung Wha Han and Sang Taek Han (the "Han Defendants") in New Jersey Superior Court, Morris County, on June 15, 2022.[1] The complaint also names PNC Bank, N.A. ("PNC"); Citibank, N.A. ("Citi"); and the State of New Jersey as defendants. In case M&T was "unable to determine whereabouts of [the Han Defendants], or ascertain if he/she/they is/are presently alive," M&T also joined as defendants "for any lien, claim or interest they may have in, to or against the Mortgaged Premises,"

---

[1] The caption of the state court case is *M&T Bank v. Han et al.*, Docket No. SWC-F-006069-22 (Chancery Div., Morris County). The case summary, which includes all underlying docket information can be found in Exhibit A to Defendants' "Answer, Affirmative Defenses and Counterclaim," which is appended to Defendants' Notice of Removal. *See* DE 1-1 at PageID 54-56 ("State Dkt.").

each of the Han Defendants' "heirs, devisees, and personal representatives, and his, her, their or any of their successors in right, title and interest" (the "Han Successors"). (Compl. ¶ 15.)[2]

On September 26, 2022, the Han Defendants filed a motion to dismiss, which was denied on October 21, 2022. (State Dkt. at PageID 55.) On November 3, 2022, the Han Defendants filed a motion for reconsideration, which was also denied on December 2, 2022. (*Id.*) On November 27, 2022, the Han Defendants answered the complaint and asserted counterclaims against M&T. (*Id.*) On December 16, 2022, M&T answered the counterclaims. (*Id.* at PageID 56.) On January 18, 2023, M&T voluntarily dismissed its claims against the Han Successors because the Han Defendants were alive and had appeared. (*Id.* at PageID 56; Notice Ex. B.) On January 23, 2023, M&T moved for summary judgment. (State Dkt. at PageID 56.)

On February 6, 2023, Sang Taek Han removed the case to this Court and then, on February 12, 2023, filed in this Court another motion to dismiss the complaint. (DE 1; DE 5.) On February 21, 2023, M&T opposed Sang Taek Han's motion to dismiss the complaint and simultaneously moved to remand the case to state court. (DE 6.)

## II.   DISCUSSION

Sang Taek Han removed this case pursuant to the federal removal statute, 28 U.S.C. § 1441. Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from the state court if the case could have been brought originally in federal court. What that means, in this context, is that the complaint either asserts a federal-law claim, *see* 28 U.S.C. § 1331, or the parties are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C.

---

[2]   Certain citations to record are abbreviated as follows:

  "DE" = Docket entry number in this case

  "Notice" = Defendant Sang Taek Han's Notice of Removal (DE 1)

  "Compl." = M&T's Complaint in Foreclosure (DE 1-1, Ex. A at PageID 6-20.)

§ 1332(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and doubts are resolved in favor of remand. *See Samuel–Bassett v. Kia Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004). Here, Sang Taek Han has failed to establish diversity jurisdiction or federal question jurisdiction, and therefore the case must be remanded to state court.

Sang Taek Han's primary basis for removal of the case is this Court's diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires "complete diversity" of all the parties, meaning that "in cases with multiple plaintiffs or multiple defendants, no plaintiff [can] be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Allapattah Svcs. Inc.*, 545 U.S. 546, 553 (2005)). Thus it is essential at the outset to ascertain the citizenship of each party to the action. *Id.* Though Sang Taek Han contends that he is a citizen of a different state (Texas) than M&T (New York) (Notice ¶¶ 12-13), this is not enough to establish complete diversity, as Han fails to account for the citizenship, or lack thereof, of his co-defendants Kyung Wha Han, PNC, Citi, and—most pertinent to this analysis—the State of New Jersey. It is well-settled that "a State is not a 'citizen' for purposes of the diversity jurisdiction." *Online Exp., Inc. v. Tri-State Gen. Ins. Co.*, No. CIV.A. 13-1888 SRC, 2013 WL 1867053, at *2 (D.N.J. May 2, 2013) (quoting *Moor v. Alameda County*, 411 U.S. 693, 717 (1973)).

The presence of New Jersey, a party with no citizenship, is sufficient to defeat any claim of complete diversity:

> Having one defendant with no citizenship destroys diversity jurisdiction. *See Online Express, Inc. v. Tri–State General Ins. Co.*, No. 13–1888, 2013 WL 1867053, *2 (D.N.J. May 2, 2013). . . . The presence of the State of New Jersey as a party destroys diversity.

3

*U.S. Bank, N.A. v. Verity,* Civ. No. 14-2513, 2015 WL 1469736, at *2 (D.N.J. Mar. 27, 2015), *report and recommendation adopted*, 2015 WL 1781241 (D.N.J. Apr. 20, 2015) (internal quotations omitted). Even setting aside the unknown citizenship of the remaining defendants, then, it is evident that Han cannot invoke this Court's diversity jurisdiction.

That leaves federal question jurisdiction under 28 U.S.C. § 1331. In the Notice of Removal, Sang Taek Han briefly suggests that removal is "pursuant to 28 U.S.C. § 1331," but there is no plausible contention that this state mortgage foreclosure arises under federal law, and no particular federal claim is identified. The plaintiff—here, M&T—is master of its complaint, and can decide whether to assert a federal claim, a state claim, or both. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987). In analyzing federal subject matter jurisdiction, the courts have traditionally looked to the "well-pleaded complaint" rule. *Id.* That rule holds that a cause of action "'arises under' federal law, and removal is proper, only if there is a federal question presented on the face of the plaintiff's properly pleaded complaint." *DeJoseph v. Continental Airlines, Inc.,* 18 F. Supp. 3d 595, 599 (D.N.J. 2014) (citing *Dukes v. U.S. Healthcare,* 57 F.3d 350, 353 (3d Cir. 1995)). Thus, for example, "'a case may not be removed to federal court on the basis of a federal defense,' even if the plaintiff's complaint anticipates such defense." *Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 401 (D.N.J. 2015) (quoting *Caterpillar*, 482 U.S. at 392). "Nor can Defendants create federal jurisdiction by asserting federal defenses and/or counterclaims to Plaintiff's state law foreclosure Complaint." *Id.* at 402 (citing *Bank of N.Y. Mellon Trust Co., N.A. v. Poczobut*, No. 13–3303, 2013 WL 4012561, at *2 (D.N.J. Aug. 5, 2013)).

This is an action to foreclose a mortgage—quintessentially a state law case. A cause of action to foreclose a mortgage does not arise under federal law. To the extent Sang Taek Han purports to base § 1331 jurisdiction on the Han Defendants' federal counterclaims pursuant to, *inter alia*, the Fair Debt

4

Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), removal is plainly improper under the well-pleaded complaint rule as defenses and counterclaims do not create federal subject matter jurisdiction. *See, e.g., Green Tree Servicing LLC,* 88 F. Supp. 3d at 401–02 (ordering remand because mortgage foreclosure is state law case, and defendant's assertion of issues under the FDCPA does not create federal jurisdiction). In sum, this Court does not have federal question jurisdiction over the present case either.

Because Sang Taek Han has failed to establish that this Court has diversity jurisdiction under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331, this case must be remanded to the state court from which it was removed.[3]

---

[3] Even if Han did establish that this Court has subject matter jurisdiction, removal would still be improper because of two procedural defects under 28 U.S.C. § 1446.

*First*, removal is untimely, as § 1446(b)(1) requires that the notice of removal must be filed within 30 days after the receipt of the complaint. Here, more than seven months passed between the time the complaint was filed (June 15, 2022) and the time Sang Taek Han removed the case (February 6, 2023). Also worth noting is the fact that over the course of those seven months, the state court case progressed past the pleading stage and through to the end of discovery. *See* State Dkt. at PageID 55-56.

*Second*, removal lacks unanimity as required under § 1446(b)(2). When, as here, a civil action is removed under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action" within 30 days of receiving or being served with the complaint. § 1441(b)(2)(A)-(B). Here, the Sang Taek Han has provided no evidence that any other defendant has consented to removal.

Sang Taek Han contends that removal is procedurally proper because, pursuant to § 1446(b)(3), M&T's dismissal of its claims against the Han Successors "makes the action remova[b]l[e]" and restarts the 30-day clock. (Notice ¶¶ 4, 8.) This argument is without merit. M&T's dismissal of certain unnamed and possibly nonexistent placeholder defendants, citizenship unknown, has no bearing on the propriety or timing of removal and has no impact on the jurisdictional analysis set forth above.

5

### III.   CONCLUSION

For the reasons set forth above, M&T's motion to remand this case to state court is **GRANTED**. Each party to bear its own costs. A separate order will issue.

Dated: February 28, 2023

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**